JOHN KTORIDES *vs.* MICHAEL KAZAMIAS

JULY 8, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Condon, J. This is a petition for a trial which was filed in this court within one year after entry of a judgment by default in an action at law brought by the respondent against the petitioner in the district court of the tenth judicial district. General laws 1938, chapter 535, §4. That section provides that this court may order. a trial in the court in which such judgment was entered upon a showing that no trial was had "by reason of accident, mistake, or unforeseen cause."

It appears from the affidavits filed by both parties that they are brothers-in-law who formerly lived together in Pawtucket in this state, and that on or about April 20, 1947 petitioner took a trip to the Island of Cyprus with respondent, his wife and their two children. Respondent returned to this country in October 1947 and resumed his residence in Pawtucket, but the petitioner did not return until November 10, 1948 when he went to Springfield, Massachusetts, where he now resides. In the meantime on November 6, 1947 respondent sued the petitioner and

attached his savings on deposit with the Rhode Island Hospital Trust Company, Pawtucket office. According to the sheriff's return no personal service was made upon the petitioner, he having had at the time of service no last and usual place of abode within the sheriff's precinct. The case being unanswered on the return day of the writ and only the garnishee having been served, it was continued, according to the usual practice in such cases, for three months by the justice of the district court. Thereafter on March 2, 1948 upon proof of claim judgment was entered for the plaintiff, respondent here, for $253.64 and costs, which was collected from the garnishee who had been duly charged.

Petitioner contends that respondent never made any claim or demand before bringing suit; that he received no notice of the pendency of the suit; and that he had no knowledge of any of the proceedings pertaining thereto until December 29, 1948 when he had occasion to go to Pawtucket to make a withdrawal from his savings account. He was then informed for the first time that he had been sued by his brother-in-law; that the court had entered a judgment against him; and that on execution being served upon the bank it, as garnishee, had been forced to pay over petitioner's funds in satisfaction thereof. Thereupon petitioner retained an attorney who demanded that respondent repay the money which the bank had paid him. This failing, the instant petition was brought on the grounds that by reason of accident, mistake, or unforeseen cause petitioner did not have his day in court and that he has a meritorious defense to the action brought against him.

Petitioner filed two affidavits in support of his petition. The first one was clearly lacking in not setting forth facts from which we could conclude that he had at least a prima facie meritorious defense. Respondent in his brief pointed out this defect and if it had not been cured we would have been constrained to deny the petition on that ground. However, in a further affidavit which he filed before the oral

argument in this court petitioner set out sufficient facts to cure such defect and the only question remaining is whether his affidavits set out a good ground for finding that he was deprived of his day in court by reason of accident, mistake, or unforeseen cause.

Respondent in his brief and oral argument opposing the petition made three points: (1) the petition is improperly before the court for failure of petitioner to comply with our rule 11 governing service of citation in proceedings of this nature; (2) the district court had jurisdiction to enter judgment against petitioner based upon the garnishment even though he was not personally served; and (3) the petition and the affidavit in support thereof do not make out a case for relief, because a prima facie meritorious defense is not set out therein in accordance with our precedents.

The facts which furnish the basis for the first point are borne out by the record, but we are of the opinion that in a proceeding of this nature the failure of service of the citation strictly in accordance with the rule does not vitiate the petition, although it may result in the respondent being entitled to a continuance where such noncompliance with the rule has prejudiced him in preparing his defense. Respondent here makes no claim of that kind.

Petitioner is not contesting respondent's second point. As we understand him, he does not object to the legal authority of the forum but accepts it and asks only that he may have his day in court to present his defense therein. Needless to say if he were objecting to the jurisdiction of the district court over the case because of want of personal service on him we would have to hold that such an objection was without merit, as the district court was unquestionably vested with power to render judgment against him at least to the amount of the *res* in the hands of the garnishee. G. L. 1938, chap. 550, §4.

Respondent's third point had merit until petitioner filed his further affidavit. That affidavit, as we said above,

cured defects in the petition and the first supporting affidavit which would have been fatal to the petitioner's cause. Viewing the case in the light of the whole record as it appeared at the hearing before us, respondent's third point is without merit and we understand that he does not now contend to the contrary.

This leaves for our determination, however, the fundamental question whether the petitioner has made out a case of accident, mistake, or unforeseen cause. It is difficult, without indulging in extreme liberality, to find any of those grounds present in the facts before us, and yet it may well be that it was entirely unforeseen to the petitioner that action could be taken against him in a court in this country where he no longer resided merely because he had a savings account in a bank in Pawtucket where he formerly lived. Or he may have believed, not without reason, that if a suit could be based on any such ground it would not proceed to trial and judgment without notice to him.

That petitioner did not appear to defend the litigation was certainly not an accident, as there is nothing in the petition or in either affidavit upon which we could reasonably predicate an accident. His unfortunate unawareness of what was happening to his property which he had left in Pawtucket in the hands of the bank was either in the nature of mistake or was something that in the circumstances he could not reasonably have foreseen. But if it is viewed as a mistake it is more akin to a mistake of law rather than of fact. And relief will not be granted for a mistake of law.

We have concluded, however, that on all the facts here justice will be served by granting petitioner a trial on the ground of unforeseen cause. We think it may be said in justification of such liberality that it was clearly the intent of the legislature in including such cause in chap. 535, §4, to vest this court with a wide discretion to grant petitioner a trial whenever we could reasonably do so in order that no person should be deprived of his day in court

unless through some fault peculiarly his own. Respondent, however, should not be penalized by such liberality. It is not his fault that the case must be handled twice, and therefore, in justice, he ought to be relieved of some of the additional expense to which he will be put by the grant of a trial to the petitioner. See *Densereau* v. *Saillant,* 22 R. I. 500.

The petition for a trial is granted, provided petitioner shall pay respondent costs and a counsel fee of $50 on or before July 20, 1949; otherwise, the petition is denied and dismissed.

*Edward H. Ziegler, George K. Demopulos,* for petitioner.

*Lawrence A. McCarthy,* for respondent.