FRANK H. FENNER *vs.* MARSHALL MORGAN, *Ex'r.*

AUGUST 16, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition by Frank H. Fenner of the town of North Providence in this state for leave to file a claim and reasons of appeal from a decree of the probate court of the city of Cranston admitting to probate a certain instrument as the last will and testament of Richard H. Fenner, sometimes referred to as the testator, and appointing the respondent Marshall Morgan as executor thereof.

It is brought under the provisions of general laws 1938, chapter 535, §6, which reads as follows: "When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

The petition is supported by petitioner's affidavit which alleged the following facts: that he is a nephew and heir at law of Richard H. Fenner, who died on July 29, 1948; that on August 27, 1948 his will was admitted to probate by a decree of the probate court of Cranston; that after the probate of the will petitioner on several occasions

conferred with the respondent concerning not only his own legal rights under the will, but also those of his children, because Cora L. Turner, a sister of the testator and devisee under his will of certain property located at 7 Washington avenue in Cranston, had predeceased the latter and by the terms of the residuary clause of her will had bequeathed all the rest, residue and remainder of her estate to Barbara Fenner and Frank Fenner, children of the petitioner; that he was advised by the respondent that his children would take the property bequeathed to Cora L. Turner under the terms of the will of Richard H. Fenner; and that respondent knew that the bequest to Cora L. Turner was a lapsed legacy and therefore became a part of testator's residuary estate.

Petitioner's affidavit further alleged that on or about October 13, 1948 respondent advised him that the last day for taking an appeal from the probate of the will was October 13, 1948, and that if he wished to take an appeal he should consult an attorney; that he immediately went to the office of the clerk of the probate court of Cranston and was told that the time for taking an appeal had expired; that at the time of the execution of the will which had been admitted to probate Richard H. Fenner was mentally incapable of executing a will; and that he was unduly influenced with reference to the terms thereof by William Weise, the residuary legatee thereunder.

The counter affidavit of the respondent alleged that he had never met the petitioner but had talked with him on the telephone on several occasions; that sometime between August 2 and August 16, 1948, in a long telephone conversation with petitioner, he explained to him fully his rights in connection with the probate of the will of Richard H. Fenner, and advised him of the date of the hearing and the time within which he should claim an appeal from the probate of the will if he intended to contest it.

He further alleged that on August 16, 1948, at petitioner's request, he mailed him a copy of Richard H. Fenner's will;

that on or about August 20, 1948 he obtained a certified copy of the will of Cora L. Turner, the testator's sister; that following the receipt of this copy he had a further telephone conversation with petitioner, who wanted to know how the property would be distributed under the will of Richard H. Fenner in view of the fact that Cora L. Turner had predeceased him; that he advised petitioner that it looked as though his children, as residuary legatees under the will of Cora L. Turner, would take her interest in the property but that he had not made an examination of the law so as to give a final and reliable opinion in the matter and urged him to employ an attorney to represent him.

Respondent's affidavit also alleged that prior to October 7, 1948 he advised petitioner that the time for taking an appeal expired on October 7, 1948; that he should employ an attorney, but that if he did not intend to do so he could take the necessary steps to perfect his appeal with the help of the probate clerk; that respondent did not know at the time he talked with petitioner of the provision of the Rhode Island law relating to lapsed legacies; and that Richard H. Fenner had drawn three wills previous to the one here involved, in none of which the petitioner or his children were mentioned. In the last three wills which were prepared by respondent, the testator was insistent that provisions be made for William Weise and his sister Nellie Weise, both of whom lived with and cared for him.

Respondent also filed a supporting affidavit by William Weise which sets forth the following facts: that he was a brother-in-law of Richard H. Fenner and had known him since 1890; that in 1903 he and his maiden sister Nellie went to live with the testator and his wife, since deceased, and that after the death of Nellie he lived alone with testator, did all the buying for the household and took care of the household chores; that he gave up his position with the Colonial Navigation Company so that he might be with the testator; that this was at the request of the testator, who assured him that he would be rewarded for his services;

that testator was nearly seventy-six years old when he died; and that deponent knew nothing about the preparation or execution of the last will which is the subject matter of the instant petition.

The basis for relief under the statute is the failure of an aggrieved person to take an appeal by reason of "accident, mistake, unforeseen cause * * *." This court, in the interest of the orderly administration of estates, has been loathe to grant relief under this statute except in unusual circumstances. In *Horton* v. *Rhode Island Hospital Trust Co.*, 53 R. I. 59, it was held that a petitioner, who failed to take an appeal because of alleged lack of knowledge of the time allowed to file an appeal from the probate of a will, does not bring himself within the provisions of the statute permitting an appeal after expiration of the statutory time, when he could have ascertained the legal requirements for such filing if interested.

In the instant case it appears from respondent's affidavit that on several occasions before the time for taking an appeal had expired he had advised petitioner to consult or employ an attorney. If he had taken such advice and employed his own attorney, he would not be entitled to relief if such attorney had erroneously advised him as to the expiration date for the taking of an appeal. This would amount to a mistake of law, which does not constitute a "mistake" for which the statute authorizes this court to grant relief. *Jordan* v. *Rhode Island Hospital Trust Co.*, 54 R. I. 352; *Cook* v. *Greenlaw*, 58 R. I. 402; *Needle* v. *Cohen*, 61 R. I. 84. We cannot see how petitioner could be in a better position to seek relief when the alleged mistake of law was made by one acting in a gratuitous capacity and not as his attorney.

Moreover, it is apparent that, although petitioner now seeks to take an appeal from the probate of the will of Richard H. Fenner on the grounds of lack of testamentary capacity and undue influence, he was apparently willing to allow such will to be admitted to probate until he learned

that his two children would take nothing thereunder. We think his failure to secure counsel earlier was due to his own indifference and his mistaken belief that his children were taken care of under the will of his uncle, Richard H. Fenner. Weighing all the evidence before us and following and applying the precedents applicable thereto, it is our opinion that petitioner has presented no adequate ground upon which he should be allowed the right to file out of time an appeal from the decree of the probate court.

The petition is denied.

*Mortimer W. Newton,* for petitioner.

*Harold R. Semple,* for respondent Marshall Morgan, *Ex'r.,* and for William Weise.