MICHAEL COHEN *vs.* IDEAL HOME EQUIPMENT COMPANY.

APRIL 10, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This is an appeal by Samuel Goldstein, an endorser on a note of the respondent corporation, from a decree of the superior court entered within receivership proceedings in favor of a creditor bank against said respondent. The decree appealed from was entered October 5, 1954 and amended an original decree whereby in addition to certain other provisions the respondent's indebtedness and the liability of appellant on the note to the bank had been discharged.

It appears that on August 13, 1954, upon petition of a stockholder, coreceivers were appointed for said respondent, hereinafter referred to as the company. On August 30, 1954, after notice to the receivers and all creditors of the company pursuant to the order of notice, the petition of the Industrial National Bank of Providence, hereinafter referred to as the bank, for leave to intervene as a party in the receivership proceedings and to reclaim as its own property certain assigned lease agreements, was heard in the superior court.

This petition was granted and a decree in accordance therewith was entered. Clause 3 thereof reads as follows: "That Industrial National Bank of Providence is hereby awarded all lease agreements assigned to it by respondent corporation pursuant to agreement dated February 2, 1954 as its own property, absolutely and free of all claims of other creditors and the receivers of respondent corporation, in full payment and satisfaction of the claim of Industrial National Bank of Providence against respondent corporation." No objection to the entry of this decree was made by the coreceivers. It appears that the above-mentioned indebtedness of the company to the bank had been previously guaranteed by three individuals, one of whom was the appellant herein. This guaranty was in the form of a promissory note which was signed by appellant as an endorser.

Subsequently the bank filed a motion to amend the decree of August 30, 1954. A hearing was held thereon after notice was duly given to the receivers and all creditors of the company, and thereupon an order was entered amending the decree of August 30, 1954 so as not to discharge or satisfy the indebtedness of respondent corporation or of the appellant.

The bank contends as to the original decree that whereas it "had reclaimed its security on the supposition that it was merely giving up its right to file a proof of claim with the receivers and thereby to participate as a general creditor,

to the extent of any deficiency, in the unencumbered assets of the receivership estate, the language used might be construed to mean that the entire indebtedness had been satisfied and discharged, thereby releasing the guarantors from further liability." It further contends it had no such intention and that there was no agreement with the receivers to that effect.

The bank sought to amend the original decree by substituting for paragraph 3 thereof the following paragraph: "That Industrial National Bank of Providence is hereby awarded all lease agreements assigned to it by respondent corporation pursuant to agreement dated February 2, 1954 as its own property, absolutely, and free of all claims of the receivers and other creditors of respondent corporation, in lieu of any other or further distribution of assets or the proceeds thereof in this proceeding by the receivers of respondent corporation to Industrial National Bank of Providence on account of the indebtedness of respondent corporation but not in payment, discharge or satisfaction of said indebtedness of respondent corporation to Industrial National Bank of Providence."

The bank also contends that since appellant had never sought to intervene as a party in the receivership proceedings and had not been permitted by the court to do so, he had no right to appeal from the instant decree and has no standing before this court. It cites several decisions to sustain its contention. The bank finally contends that the entry of the decree of October 5, 1954 amending the decree of August 30, 1954 was an exercise of the superior court's discretion which is not subject to review on appeal.

In our opinion this cause involves a construction of general laws, 1938, chapter 535, §2, which reads as follows: "In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and causes following the course of equity, the court entering the same shall have control over the same for the period of 6

months after the entry thereof, and may, *for cause shown,* set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order." (italics ours)

In the circumstances here we think appellant has a right to be heard before this court. When the original decree was entered he was warranted in assuming that he, as one of the guarantors of the corporation's note to the bank, was thereby discharged from any liability as such guarantor. Obviously that was the legal effect of the decree. Otherwise there would be no need to alter it since it was not ambiguous. When the bank realized that the decree, which had been prepared and entered at its own request, was a good and effective discharge of the guarantors, it hastened to seek an alteration thereof by presenting another decree which would express a wholly different judgment. But in the meantime the said guarantor was deprived of the right to file a claim as a creditor of the respondent if he was forced under his contract of guaranty to pay the corporation's note. Apparently this was appreciated by the bank since appellant was given notice of the motion to amend the original decree and was represented at the hearing thereon. In the circumstances it is our judgment that he thus had a right to oppose any change in the decree that would affect his rights and to appeal from the entry of the new decree.

Upon consideration we are of the opinion that the trial justice erred in allowing such amendment of the decree. On the facts in evidence no mistake such as contemplated by G. L. 1938, chap. 535, §2, was proved. Nor was any cause shown thereunder for reinstating the cause and entering a new decree. On the contrary if any mistake was made it was a mistake of law by the bank in agreeing to have the cause disposed of by entry of a decree which it submitted and which plainly had the effect of releasing the guarantors on the respondent's note. Such mistake was

belatedly discovered and correction thereof was sought and obtained without regard to the possible prejudice to the guarantors' rights in the receivership proceedings against the bank's debtor. Therefore assuming without deciding that in the face of such facts the trial justice had jurisdiction to reopen the decree, he clearly abused his discretion in allowing the decree to be so radically altered on the showing made by the bank in the transcript.

The appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

BAKER, J., did not participate in the decision.

*Robinson, Robinson & Adelson, Melvin A. Chernick, Leonard Decof,* for appellant.

*Hinckley, Allen, Salisbury & Parsons, Edward M. Watson,* for Industrial National Bank of Providence.

*Nathan Perlman,* for Receivers.