ARMOUR AND COMPANY *vs*. JOSEPH A. GRECO.

OCTOBER 30, 1962.

CONDON, C. J. This is an employer's petition to review a decree which awarded its employee compensation for total incapacity. It alleges that such incapacity has ended and that the employee is able to return to light selected work. From a decree of the workmen's compensation commission which affirmed a decree of the trial commissioner ordering the employer to continue paying the employee total compensation, the employer has appealed to this court.

The employee was injured in the employer's employ in January 1956 and underwent an operation for a ruptured intervertebral disc. He subsequently returned to work and thereafter in March 1960 again became incapacitated as a result of the rupture of another disc which required sur-

gery. On April 11, 1960 the parties entered into an agreement for compensation for total incapacity. This agreement was reviewed on the employer's petition and a decree was entered finding the employee partially incapacitated but continuing total compensation while he tried to obtain suitable work. On January 30, 1961 a hearing was held to determine whether he had made a bona fide effort in that direction. A series of such hearings was held subsequently and as a result of all of them total compensation was continued.

After a final hearing on August 8, 1961 the trial commissioner entered the decree which was later affirmed by the full commission and is the subject of the present appeal. While the commissioner again found therein that the employee was only partially incapacitated, he also found that the employer had offered no suitable work and that the evidence showed the employee had made a bona fide attempt to obtain such work without success. He therefore ordered the employer to continue paying total compensation in accordance with G. L. 1956, §28-33-18, and also to pay the employee's attorney a counsel fee of $75 pursuant to G. L. 1956, §28-35-32, as amended.

In support of its appeal the employer has filed eight specific reasons of appeal. However, in its brief it has compressed them into the following two points. It first contends that there is no legal evidence in the record which will support the finding that the employee has made a bona fide attempt to obtain suitable work which he is able to perform. In arguing this point it urges that the commission did not conceive the true meaning of the words "bona fide attempt" set out in the statute. Such phrase, it says, necessarily implies "an honest, sincere, actual, and substantial effort, diligently carried out in good faith, as distinguished from an incidental, half-hearted or sporadic attempt." It further contends that viewed in the light of such

a concept there is no evidence upon which the commission could reasonably base its finding.

Assuming that the employer's concept of the meaning of "bona fide attempt" in the statute is correct, there is nevertheless no merit in its contention that there is no evidence upon which the commission could base its finding. It is within the sole province of the commission to determine the honesty, sincerity and diligence with which the employee sought work. He testified that on various occasions he applied for work at a number of places. Moreover, it also appears that at the suggestion of the trial commissioner he applied for the position of watchman and that he had reason to expect he would get the job.

We have examined the transcript and we find it impossible to agree with the employer's contention under its first point. In our opinion there is substantial evidence that the employee had made an effort to obtain suitable work which the commission could have reasonably found was an honest, sincere and diligent attempt within the fair intendment of the statute.

Under its second point the employer contends that G. L. 1956, §28-35-32, as amended, which authorizes the award of costs including a counsel fee to the employee, is unconstitutional. Nowhere in the record does it appear that such a question was raised before the trial commissioner nor on appeal before the full commission. This being so, it cannot be raised in this court for the first time. *DeFusco* v. *Ochee Spring Water Co.*, 84 R. I. 446; *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335. Section 28-35-27 expressly provides that the commission is to "hear all questions of law and fact involved" in the controversy. And §28-35-28 further provides that on appeal to the full commission "the appellant shall file with the clerk of the commission reasons of appeal stating specifically all matters determined adversely to him * * *."

Unlike *Gomes* v. *Bristol Mfg. Corp.*, 95 R. I. 126, recently decided at this session, the instant case does not involve the award of counsel fee for services in this court. In the *Gomes* case the question of the validity of the counsel fee could not be raised until it was determined by this court that the petitioner was entitled to prevail on his appeal from the adverse decree entered by the full commission. We thereupon allowed the petitioner to file a motion for a counsel fee under §28-35-32 as amended, and on the hearing of such motion considered the contention of the respondent employer that the provision therefor in such section was unconstitutional.

Incidentally, in the *Gomes* case we upheld the constitutionality of §28-35-32 as amended. Consequently, even though that question had been properly raised in the instant case it would have availed the appellant nothing. Moreover it may be well to observe here that under our long-established practice, aside from the requirements of §28-35-28 governing appeals to the full commission, the employer petitioner was not entitled to raise the constitutionality of the statute for the first time in this court. *Gradilone* v. *Superior Court*, 79 R. I. 256.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Gunning & LaFazia, Raymond A. LaFazia, Bruce M. Selya, Lincoln C. Almond,* for petitioner.

*Sanford H. Gorodetsky,* for respondent.