305 A.2d 107.

JOSE DUARTE *vs.* UNION WADDING COMPANY.

MAY 29, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

PAOLINO, J. This is an employee's original petition for benefits under the Workmen's Compensation Act. The case is before this court on the employee's appeal from the decree of the full commission which affirmed the decree of the trial commissioner.

At the hearing before the trial commissioner petitioner presented testimony to establish that he sustained a compensable injury while in respondent's employ which resulted in his partial incapacity for work from June 15, 1970 to the time of the hearing. The respondent, on the other hand, attempted to prove that petitioner sustained no compensable injury.

In the decree the following pertinent findings of fact were made: (1) on May 26, 1970, petitioner injured the middle finger of his left hand when he struck his finger and hand on an object while working as a maintenance man for respondent; (2) on account of such injury petitioner was partially disabled from June 15, 1970 through July 4, 1970 and from August 5, 1970 through September 2, 1970; (3) that petitioner failed to prove that he was incapacitated in whole or in part since September 3, 1970.

On the basis of such findings the trial commissioner awarded petitioner benefits for partial incapacity for work during those periods and for all reasonable medical and hospital expenses. The decree incorporating the trial com-

missioner's findings of fact and orders was entered. The petitioner appealed to the full commission.

The decree of the full commission affirms the findings of fact and the orders contained in the decree entered by the trial commissioner.

The petitioner charges the commission with two errors. First, he claims that the commission erred when it failed to award him benefits for the period of July 5, 1970 through August 4, 1970. Second, he claims that the commission erred in failing to find that petitioner was partially disabled as of September 3, 1970.

Before reaching those questions we address ourselves to the procedural question raised by respondent of whether either of these questions is properly before this court. With respect to petitioner's first specification of error, respondent points out that petitioner's specific reasons of appeal to the full commission make no reference to his claim that the trial commissioner erred in failing to award him benefits for the period of July 5, 1970 through August 4, 1970. In the circumstances, respondent argues, this question is not properly before us. We agree.

Under G. L. 1956 (1968 Reenactment) §28-35-28, we have consistently held that where there is a failure to set out a claim of error in the reasons of appeal to the full commission, the petitioner is precluded from raising the question in this court. *Crisostomi* v. *Zayre of Providence, Inc.*, 109 R. I. 251, 255, 283 A.2d 678, 680 (1971); *Peloso* v. *Peloso, Inc.*, 107 R. I. 365, 371, 267 A.2d 717, 721 (1970); *United Wire & Supply Corp.* v. *Frenier*, 87 R. I. 31, 34, 137 A.2d 414, 416 (1958).

The question raised by petitioner before the full commission by specific reasons of appeal related to his claim that the trial commissioner erred in finding that petitioner failed to prove that he was incapacitated in whole or in part since September 3, 1970. The respondent contends

that since petitioner did not brief this point in his memorandum of law to the full commission, it should now be treated as waived. We do not agree.

It is clear from a reading of the decision of the full commission that it considered this question. In fact, it expressly stated in its decision that this was the only error set forth by petitioner in his reasons of appeal to the full commission. Since this claim of error was included in petitioner's reasons of appeal to the full commission, petitioner's second specification of error is properly before us even though his memorandum of law to the full commission did not treat this issue.

Accordingly, we address ourselves to the question of whether the commission erred in finding that petitioner failed to prove that he was incapacitated in whole or in part since September 3, 1970. The petitioner argues that the uncontradicted evidence proves that he was still partially disabled on September 3, 1970, and, therefore, entitled to receive weekly benefits. He refers to the testimony of Dr. Richard Bertini, who testified that as the result of the injury to his finger petitioner was partially disabled from June 23, 1970 through November 17, 1970 the day of his last visit. He also referred to the testimony of Dr. Henry M. Litchman, who testified that when he examined petitioner on February 3, 1971, he was partially disabled for work and in need of orthopedic treatment. Finally, petitioner refers to his own testimony that his finger still troubled him, that his injury prevented him from doing his usual work at respondent company following September 2, 1970, and that he stopped working because of his finger. In brief, petitioner argues that it was reversible error to ignore the uncontradicted and uncontroverted testimony presented on his behalf.

As we pointed out above, notwithstanding petitioner's testimony and that of Doctors Bertini and Litchman, the

trial commissioner found as a fact that petitioner failed to prove that he was incapacitated in whole or in part since September 3, 1970. In arriving at this conclusion he said that after carefully considering the entire record and observing petitioner and witnesses, he was satisfied that petitioner had injured his finger in the manner he claimed, but he was not satisfied that he was disabled to the extent that he would like the trial commissioner to find. On his appeal the full commission affirmed.

It is obvious from what the trial commissioner said that he accepted petitioner's testimony that he had suffered a compensable injury, and that he rejected respondent's claim that petitioner had suffered no compensable injury to his finger or left hand. It is just as obvious that he did not accept petitioner's claim that he was partially incapacitated for work after September 2, 1970. With respect to petitioner's testimony as to the extent of his partial incapacity for work, credibility undoubtedly played a great part in influencing the trial commissioner. There is a conflict in the testimony as to whether petitioner quit his job on September 2, 1970 because of his injury or because of trouble petitioner had with another employee.

It is clear that the trial commissioner accepted part of petitioner's testimony but rejected his claim that he was partially disabled after September 2, 1970. With respect to the medical testimony presented by petitioner it appears from a reading of the testimony as a whole that neither doctor was talking of disability in the legal sense. In the case of Dr. Bertini this is borne out by his testimony during cross-examination that what he was saying was that petitioner was unable to do work that produces significant pain, that he did not know what petitioner's duties were, and that there was no way he could express an opinion as to whether or not petitioner was able to do the type of work that he was doing when he struck his finger. Doctor

Litchman, also under cross-examination, testified that his diagnosis of impairment was strictly an anatomical diagnosis and that he did not know whether he had a disability. It is obvious from a reading of the trial commissioner's decision that he did not interpret their testimony as meaning that he was partially incapacitated for work.

The full commission, by its affirmance, indicated that it found that the trial commissioner's finding on this issue was not clearly wrong. On this record we cannot say that the commission erred in finding in substance that the trial commissioner was not clearly wrong in rejecting the otherwise uncontroverted testimony presented by the petitioner with respect to the extent of his partial incapacity. *See* *Laganiere* v. *Bonte Spinning Co.*, 103 R. I. 191, 236 A.2d 256 (1967).

The employee's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

Mr. Justice Joslin did not participate.

*Howard I. Lipsey*, for petitioner.

*Worrell* and *Hodge, Eldridge H. Henning, Jr.*, for respondent.