■ In the Matter of David Meyers, Respondent, v. Bell Aerosystems et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 15, 1972, which awarded claimant benefits for a permanent partial disability. On

November 21, 1966, claimant, while he was employed as a plastic former by Bell Aerosystems, injured his back during the process of lifting helicopter doors. After several intermittent periods of lost time for which he was compensated, claimant had a spinal fusion performed on May 6, 1968. Claimant returned to work on October 14, 1968, and was advised by his physician not to lift more than 50 pounds. He was given a new job as a plastic former "all around", which did not involve lifting or bending, at the same salary as he earned prior to his injury of 1966. On September 4, 1970, he was examined by a board physician and was found to have a mild permanent partial disability. In the month of August, 1970, he quit his job at Bell Aerosystems and became employed by the Village of Youngstown as a truck driver and operator of a backhoe and highlift machine. Claimant earns less with the village than he did at Bell Aerosystems, and claims that he is entitled to the difference under the provisions of the Workmen's Compensation Law. " It is well settled that if reduced earnings are caused solely by economic conditions, age or any factor other than his disability, he is not entitled to an award of compensation, but if the disability causes or contributes to the reduced earnings then an award may be made." (*Matter of Haar* v. *Strauss-Duparquet*, 29 A D 2d 726, mot. for lv. to app. den. 21 N Y 2d 646; see, also *Matter of Lovell* v. *Berman's Motor Express*, 35 A D 2d 765; *Matter of Stickley* v. *Alco Prods.*, 36 A D 2d 871.) The board found that "he left because employees were being laid off who had worked for sixteen, eighteen years and he was afraid of being laid off and he had a family to support." Claimant left his employment at Bell voluntarily to seek a job which would be more secure. He testified that he did not leave Bell because he was having any trouble with his back, or because he was having any trouble performing his job. Although claimant may have a degree of disability, any loss of earnings which he incurred by change of employment was not related to his disability, but was attributable to a factor other than causally connected disability. (*Matter of Carlson* v. *Guinzburg*, 15 A D 2d 851.) Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.