355 A.2d 404.

BIF A Unit of General Signal Corporation *et al.*
*vs.* Joseph F. Des Roches.

APRIL 15, 1976.

Present: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

Joslin, J. This is a petition to review wherein an employer seeks to remove from the compensation rolls a partially incapacitated employee who is currently receiving benefits for that incapacity under a decree dated January 27, 1972. The petition is based solely on the ground that the employee, having reached the required age and completed the necessary years of service, has voluntarily retired from his employment and is receiving pension benefits from the employer under a noncontributory pension agreement. The relief sought was denied by a trial com-

missioner and again denied upon appeal to the full commission. The case is here on the employer's appeal.

The Legislature in G. L. 1956 (1968 Reenactment) §28-35-45 vested the commission with authority upon its own motion or upon the petition of either party to decrease, suspend, increase, commence or recommence compensation payments "* * * upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage." That enumeration is circumscribing and the commission is powerless to entertain a petition for review save on one of the grounds there listed. *See Landry* v. *Cornell Constr. Co.,* 87 R. I. 4, 7-8, 137 A.2d 412, 414 (1957). The ground relied upon in this case is not included in the listing and hence the commission lacks a jurisdictional peg upon which to act affirmatively.

The cases most heavily relied upon by the employer as sustaining its position are clearly not in point. In *Meyers* v. *Bell Aerosystems,* 43 App. Div.2d 869, 353 N.Y.S.2d 254 (1974), the employee's loss of income did not result from any physical inability to perform his job, but from his quitting that job in order to obtain more secure employment; in *Carlson* v. *Guinzburg,* 15 App. Div.2d 851, 224 N.Y.S.2d 341 (1962), the claimant's lower earnings were attributable to his going on a reduced work week in order to qualify for social security payments rather than to a work-related disability; and in *Bryant* v. *Industrial Comm'n,* 21 Ariz. App. 356, 519 P.2d 209 (1974), the petitioner's loss of earnings was occasioned by a change in his employment rather than by an incapacitating injury.

What is important in a case of this kind, however, is not whether the termination of employment is voluntary, but whether the incapacity continues. If it does, so does the right to compensation benefits. *Kohler Co.* v. *Depart-*

*ment of Indus., Labor & Human Relations,* 42 Wis.2d 396, 402-04, 167 N.W.2d 431, 433-34 (1969).

The employer is also fearful that to continue paying partial disability benefits in a case of this kind will, as the court said in *Roberts* v. *General Elec. Co.,* 6 App. Div. 2d 43, 45, 174 N.Y.S.2d 533, 535 (1958), "* * * result in a situation where employees [will] obtain * * * benefits supplementing * * * their pension and social security payments, without the employee being compelled to show causal connection between the disability and the inability to find work." While the employer's forebodings may have some validity in an appropriate factual context, they have none here where the employer admits and the commission found as a fact that the employee is partially incapacitated and has not regained his preinjury earning capacity.

The employer's appeal is denied and dismissed, the decree appealed from is affirmed and the case is remitted to the Workmen's Compensation Commission for further proceedings.

*Hanson, Curran, Bowen & Parks, E. Howland Bowen,* for petitioners.

*Abedon, Michaelson, Stanzler & Biener, Richard A. Skolnik,* for respondent.