387 A.2d 1043.

Janice C. Yates *v.* Dr. J. H. Ladd School.

JUNE 15, 1978.

Present: Bevilacqua, C.J., Joslin, Kelleher, and Doris, JJ.

JOSLIN, J. In this Workmen's Compensation case the employee asks that a preliminary agreement with her employer, under which she is receiving weekly compensation benefits, be amended by adding dependency benefits for her three minor children. A trial commissioner denied relief, the full commission afffirmed and the employee appealed.

The facts are not in dispute. On May 22, 1971 the employee sustained a job-related incapacitating injury. Thereafter, on June 14, 1971, she entered into a preliminary agreement with her employer providing for the payment of disability benefits for total incapacity commencing as of May 23, 1971. That agreement, although prepared by a representative of the state Department of Labor, did not list the employer's three minor children who were dependent upon her for support, and for whom she apparently would have been entitled to receive benefits provided by the statute then

in effect, G.L. 1956 (1968 Reenactment) §28-33-17, as amended by P.L. 1969, ch. 148, §1. More than 4 years thereafter, in December 1975, the employee filed a petition with the commission to "Review and/or Amend" the agreement and alleged as her sole ground that the employer refuses to pay dependency benefits.

At the hearing before the trial commissioner, no testimony was presented. Instead, counsel orally related the facts upon which the petition was based and stipulated that the only issue was the applicability of §28-35-57 which, in pertinent portion, provides that an employee's claim for compensation shall be barred unless filed within 2 years after the occurrence or manifestation of the injury or incapacity. Both the trial commissioner and the full commission found against the employee on that issue, and she now challenges that finding on two principal grounds.

First, she contends that the right to dependency allowances provided by §28-33-17 was her children's, not hers. She then argues, by analogy to §28-33-29, which expressly creates an exception to the bar of §28-35-57 in the case of a minor or incompetent dependent of a deceased or incompetent employee, that the 2-year limitation period is tolled during their minorities and will not begin to run until they have attained their majorities or at least until a guardian is appointed to act on their behalf.[1] Assuming without deciding that there is merit to that contention, it fails to consider that the petition in this case was filed not by the employee's children or by a guardian acting in their behalf, but by the employee herself who filed the petition in her own name. In addition she concedes in her brief that she is not acting as her children's legal guardian. Thus, no claim of the children is before us, and however persuasive the employee's argument might be in a case which came to us in a different posture, it is inapposite in this case.

Alternatively, the employee contends that a worker

---

[1] The children were born in 1966, 1967 and 1969.

receiving benefits for a compensable injury may claim additional benefits for the same injury "without time limitation." To support this contention, she argues in her brief that §28-35-57 "states that a claim will be barred unless '*an* agreement or *a* claim' shall be timely filed" and that "[t]his use of the indefinite article requires that once *any* petition or agreement has been filed for a particular injury, a subsequent claim based upon that same injury will not be barred." (Emphasis in original.) Consequently, she concludes, the filing of her preliminary agreement within 2 years of her incapacitation rendered the statutory bar inoperative as to her related claim for dependency benefits, whenever filed.

We find this argument completely unconvincing and are unable to agree that §28-35-57 can reasonably be read as permitting filing of a claim for dependency benefits later than 2 years after a cause of action for those benefits accrues. With respect to filing dates, a claim for dependents' benefits is no different from one for specific injuries, and there can be no question that the latter must be filed within 2 years of the time a cause of action therefor arises. *Auclair* v. *American Silk Spinning Co.*, 109 R.I. 395, 398, 286 A.2d 253, 254 (1972). *See also Henry* v. *American Enamel Co.*, 48 R.I. 113, 117-19, 136 A. 3, 6-7 (1927). A claim for dependency benefits is similarly barred.

The employee next argues that "[a]t any time after the date of the approval of any agreement or at any time after the date of the entry of any decree concerning compensation, and if compensation has ceased thereunder, within ten (10) years thereafter," the commission may, pursuant to §28-35-45, correct or adjust an average weekly wage that has been erroneously computed; that to omit dependency benefits from the weekly compensation payable under a preliminary agreement is the equivalent of fixing an erroneous average weekly wage; and that the commission consequently may review and modify the agreement.

It is, of course, not open to question that §28-35-45 empowers the commission to adjust weekly compensation

payments in accordance with the facts. However, by the terms of the statute, this authority exists only where "the incapacity of the injured employee has diminished, ended, increased or returned," or where "the weekly compensation payments have been based upon an erroneous weekly wage." This language was intended not as illustrative of a larger class of permissible grounds of review, but instead as "circumscribing" of the commission's power to entertain a petition for review save on one of the enumerated grounds. *BIF* v. *Des Roches*, 116 R.I. 280, 281, 355 A.2d 404, 405 (1976). In this case, as in *Des Roches*, the ground relied upon by the employee is not included in the statutory list and hence is unavailable to the commission as "a jurisdictional peg upon which to act affirmatively." *Id.*

Finally, the employee argues that the omission of dependency benefits for her children constituted a mutual mistake of fact, which under §28-35-5 permits reopening of the approved agreement.

That argument has no place here since the employee is precluded from urging at this stage of these proceedings a contention neither raised before the commission[2] nor included in the reasons of appeal filed either with the full commission or with this court. *Duarte* v. *Union Wadding Co.*, 111 R.I. 546, 548, 305 A.2d 107, 108 (1973); *Crisostomi* v. *Zayre of Providence, Inc.*, 109 R.I. 251, 255, 283 A.2d 678, 680 (1971).

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

---

[2]The employee filed her petition on a form provided by the commission. It sets out nine numbered grounds upon which the petition may be based and opposite each is a box which a petitioner may mark, thereby indicating reliance thereon. One of those grounds is that "The compensation agreement or decree was procured by fraud, coercion or mutual mistake of fact." In this case the employee here did not mark that ground. Instead, she marked the ground "Other reason for review" and stated as her reason that "Respondent [employer] refused to pay dependency benefits."

Mr. Justice Weisberger did not participate.

*Lovett & Linder, Ltd, Raul L. Lovett* for petitioner.

*Julius C. Michaelson, Attorney General, Richard B. Woolley, Special Assistant Attorney General,* for respondent.