392 A.2d 375.

MARY G. VIEIRA *v.* DAVOL, INC.

OCTOBER 23, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.   This is an appeal by an employee from a decree of the Workers' Compensation Commission denying her dependency benefits under G.L. 1956 (1968 Reenactment) §28-33-17, as amended by P.L. 1969, ch. 148, §1.

The facts of this case are not in dispute. The employee is the mother of five children, the oldest of whom was born in 1954, the youngest in 1966. On June 18, 1971, she suffered a work-related incapacitating injury and entered into preliminary agreement with her employer providing for the payment of compensation for the duration of her total incapacity. The employee was not represented by counsel at this time and although she then had five minor children as dependents, a zero was entered on the agreement form after the question "Number of dependent children under age 18." The employee did, however, execute a "Certificate of Dependency Status" listing all five children and their birth dates. The evidence is not clear as to the manner in which this certificate was submitted to the employer or its carrier.

The employee was paid compensation under this agreement for just over 7 weeks after which she returned to work. Within days, however, she was incapacitated a second time by the injury and signed another preliminary agreement. This agreement again made no provision for dependency benefits. At this point the employee still had five children under age 18 as dependents. This agreement, like the first,

provided for compensation for the duration of total incapacity, and the employee collected benefits until she returned to work in May 1972.

On November 24, 1975, the employee suffered a third incapacity from that same injury. Now represented by counsel, she signed another preliminary agreement for compensation for the duration of this incapacity. This time, however, she indicated in the agreement that she had three dependent children under age 18 (the other two having reached 18). The employer paid compensation under this agreement for 10 weeks, but refused to pay dependency benefits for the three children. This refusal prompted the present action.

The employee filed a petition to review. A trial commissioner heard the petition and decided that the employee was entitled to dependency benefits only under the third preliminary agreement. He stated that she could not go behind that agreement and thus could no longer obtain dependency benefits under the previous agreements for the two earlier periods of incapacity.

Both sides appealed to the full commission which affirmed the trial commissioner though it stated a different reason for the outcome. The commission based its decision on the fact that the employee had not petitioned for dependency benefits within the 2-year limitation period after her first two claims became compensable but had petitioned within 2 years of her third, so that her claim under the third agreement was timely, but those under the first two agreements were barred.[1] Only the employee appealed from this decree, and it is her appeal which is presently before us.

The employee argues first that because the petition in question involves benefits not for herself but for her minor dependents, the statute of limitations is tolled during their minorities and does not bar this petition. She concedes that

---

[1]Effective May 10, 1978, the limitation period was extended to 3 years, P.L. 1978, ch. 232, §2, but this extension was prospective in application.

under §28-33-29 the limitation in the Workers' Compensation Act is explicitly tolled during minority only for death benefit actions, but she argues that the statute should be construed so as to allow the same tolling for dependency benefits in non-death cases as well, at least until a guardian is appointed to act on behalf of those dependents.

We very recently considered this argument in *Yates* v. *Dr. J. H. Ladd School*, 120 R.I. 43, 387 A.2d 1043 (1978), in which another employee, after the 2-year limitation had run, sought dependency benefits under a preliminary agreement which did not list her three minor children. As we did in *Yates*, we will assume here without deciding that there is merit in the employee's contention that the right to dependency allowances belongs to her children and is tolled until their majority or until a guardian is appointed. This assumption, however, is of no avail to the employee here because we do not have before us a petition filed by her children or by a guardian acting on their behalf.[2] This petition was filed by the employee herself in her own name. Thus, "no claim of the children is before us, and however persuasive the employee's argument might be in a case which came to us in a different posture, it is inapposite in this case." *Id.* at 387 A.2d at 1044; *cf. DeCosta* v. *Devine*, 90 R.I. 240, 244-45, 157 A.2d 247, 248-49 (1960) (failure to file a petition for dependency benefits within 2 years of the time when the right to claim such benefits accrued barred a father's recovery thereafter).

The employee answers that in view of her limited knowledge of English and her having given notice of her dependents by filing a certificate of dependency status, the employer has failed to deal with her cooperatively and fairly as prescribed in *Shea* v. *Gamco, Inc.*, 81 R.I. 12, 98 A.2d 864 (1953), and should therefore be estopped from asserting the statute of limitations.

---

[2] The employee herself states that she, though a parent, was not necessarily acting as guardian to these children, and she makes no claim that she was acting in such capacity.

As we pointed out in *Shea,* however, the Workers' Compensation Act itself imposes no original duty on the employer to aid an employee in asserting her rights under the Act, *id.* at 18, 98 A.2d at 867, and the record here contains only scant indications that the circumstances in this case were such as to require the employer to speak lest its silence would reasonably mislead the employee to rely thereon to her detriment. *Id,; Martines* v. *Terminal Methods, Inc.,* 101 R.I. 599, 601, 225 A.2d 790, 792 (1967). Furthermore, the commission, by holding that the employee's claim was barred by the statute of limitations, impliedly rejected this estoppel argument, and no fraud having been shown, this negative finding is conclusive, *Martines* v. *Terminal Methods, Inc., supra,* and will not be disturbed on appeal.

The employee next argues that even if the benefits sought here are considered rights accruing to herself, they can still be awarded on an appeal from the agreement even beyond the 2-year limitation for original actions. She bases this contention on §28-35-5, which provides in part that no appeal shall lie from a preliminary agreement approved by the director of labor "unless upon allegation that such agreement has been procured by fraud, coercion or mutual mistake of fact * * * ."

In treating the employee's contentions under this section we make three broad assumptions, without deciding any of them, regarding conditions precedent to the bringing of such appeals. We do so in order to treat the primary issue here which was also raised in *Yates* v. *Dr. J.H. Ladd School, supra,* and which may well arise again in the future.

First, we will assume that, as the employee argues, the ordinary 2-year limitation does not apply to challenges under this section and that this appeal is timely. (The statute, in fact, has no explicit limitation for such appeals). Second, we assume that in spite of *Trudeau* v. *United States Rubber Co.,* 92 R.I. 328, 168 A.2d 460 (1961), the employee can appeal her first two agreements even though the third agreement

might ordinarily be thought to foreclose review of the earlier ones under the principles of res judicata. Third, we will assume that a party can have an agreement modified under §28-35-5 and not just have it set aside.[3]

In bringing this appeal the employee does not allege either fraud or coercion in the execution of this agreement and the evidence shows none. The evidence also shows no deliberate attempt by the employer to omit the dependents from the agreements. Thus, the sole basis for this appeal is mutual mistake of fact.

The employee quite clearly was mistaken as to the number of dependents the employee had. The employee herself, however, was certainly not laboring under the same misconception about the underlying facts. She of course knew that she had children. Instead, her error was in misunderstanding the legal effect in workers' compensation cases of having dependents, and we have repeatedly held that such misunderstanding or lack of awareness of the law is a mistake of law rather than of fact.

We have, for example, denied a petition for a new trial brought under a statute which allowed such relief for, among other reasons, "mistake," where a party failed to answer a complaint because he was unaware of the legal consequences of such service. We considered that lack of awareness to be "in the nature of mistake of law rather than of fact," *David-Hodosh Co.* v. *Santopadre,* 112 R.I. 567, 571, 313 A.2d 378, 380 (1974), and thus not a basis for relief. Similarly, we stated that a defendant's "unfortunate unawareness" of a civil action against him in which a default judgment was executed against his bank as garnishee while the defendant

---

[3]*See, e.g., Damiano Bros. Welding Co.* v. *Poulos,* 111 R.I. 539, 543, 304 A.2d 889, 891 (1973). Setting aside an agreement would nullify all aspects of the agreement and would leave the employee free to reassert her claims. The employee might, however, face a problem with the statute of limitations in bringing a new action if the agreement were nullified after the statute had run.

was out of state was, if viewed as a mistake, "more akin to a mistake of law rather than of fact. And relief will not be granted for a mistake of law." *Ktorides* v. *Kazamias,* 75 R.I. 465, 469, 67 A.2d 404, 406 (1949).[4] Again, a bank's submission of a decree for entry without realizing it would release the guarantors of a note was not a ground for amending the decree after it was entered because "if any mistake was made it was a mistake of law." *Cohen* v. *Ideal Home Equipment Co.,* 84 R.I. 122, 126, 122 A.2d 145, 147 (1956). And we determined the failure of a person to file a timely appeal was a mistake of law for which no relief would be granted. *Fenner* v. *Morgan,* 76 R.I. 101, 68 A.2d 83 (1949).

We note also that the Restatement of Restitution defines a mistake of law as "a mistake as to the legal consequences of an assumed state of facts,". Restatement of Restitution §7 (1937), a definition which precisely describes the situation before us now.

In view of the case law on this question, we conclude that although the employer here may have entered into these agreements under a mistake which could be termed one of fact, the employee's lack of awareness as to her rights under the Workers' Compensation Act was at most in the nature of a mistake of law and thus did not constitute the basis for an appeal from the agreements under §28-35-5.

For these reasons the employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

---

[4]In *Ktorides,* 75 R.I. 465, 67 A.2d 404 (1949), we did grant relief from the default judgment but under the statutory provision of "unforseen cause." We did so to give a day in court to the petitioner, who was out of the country when his bank account was garnisheed.

We believe that the legislative intent in the Workers' Compensation Act is that agreements are to be treated as final and are to be subject to appeal only for the three explicit reasons set out in G.L. 1956 (1968 Reenactment) §28-35-5. We have also held that preliminary agreements may be reviewed for the specific purposes set forth in §28-35-45 (not in issue here). *Molony & Rubien Constr. Co.* v. *Segrella,* 118 R.I. 340, 373 A.2d 816 (1977).

*Lovett & Linder, Ltd, Raul L. Lovett,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer, John G. Rallis,* for respondent.