397 A.2d 506.

MARY C. DA ROSA *vs.* CAROL CABLE COMPANY.

JANUARY 30, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J   This is a workers' compensation case. A trial commissioner found that the employee had sustained a work-related injury and awarded her total compensation, medical benefits, and counsel fees, but made no finding regarding her claim for dependency benefits for her two children and husband. The employer appealed that decree to the full commission, listing as its reasons that the trial commissioner (1) erred in computing the employee's average weekly wage; and (2) failed to find specifically that the employee was not entitled to the dependency benefits. The full commission held that the average weekly wage had been correctly computed and that the employee had failed to prove that her husband and two children were dependent upon her.

Both parties appealed the commission's decree to this court. The employer's reason of appeal repeated its earlier claim that the employee's wage was erroneously computed. Because that contention was neither briefed nor argued here, we deem it waived. *Rhode Island Hospital Trust National Bank v. Israel*, 119 R.I. 298, 306-7, 377 A.2d 341, 345 (1977).

The employee's reasons of appeal state, in substance, that the full commission's failure to award her dependency benefits constituted gender-based discrimination in violation of her rights to equal protection and due process of the law under the fourteenth amendment to the United States Constitution. In capsule form, her argument before us is that G.L. 1956 (1968 Reenactment) §28-33-17(c), as amended by

P.L. 1974, ch. 271, §,[1] fails to provide a female wage earner who sustains a work-related injury and is living with her employed spouse and minor children with the same protection and benefits that a similarly situated male would receive.

Notwithstanding the importance of this constitutional challenge, nowhere in the record does it appear that the employee raised it before the trial commissioner or on appeal before the full commission.[2] The Workers' Compensation

---

[1]General Laws 1956 (1968 Reenactment) §28-33-17(c), as amended by P.L. 1974, ch. 271, §1, provides in pertinent part that:

"(c) Children under the age of eighteen (18) years (or over said age but physically or mentally incapacitated from earning), if living with the employee at the time of his injury, or, if the employee is bound or ordered by law, decree, or order of court, or by any other lawful requirement, to support such children, although living apart from them. Children, within the meaning of this paragraph, shall also include any children of the injured employee conceived but not born at the time of the employee's injury, and the compensation herein provided for shall be payable on account of any such children from the date of their birth.

" 'Dependents' as provided in this section shall not include the spouse of the injured employee except as provided above in subparagraphs (a) and (b) of this section, nor shall the term 'dependents' include the children of an injured employee-mother in any case in which the father of said children is actually employed, the said children in such case shall be deemed to be wholly dependent upon the employed father. In all other cases questions of dependency shall be determined in accordance with the fact as the fact may be at the time of the injury."

---

[2]It is not clear when the employee first asserted her constitutional claim. At oral argument before this court, employee's counsel asserted that he had argued the constitutionality of the statute before the full commission. This is at variance with memoranda submitted by the parties pursuant to a Sup. Ct. R. 16(g) motion argued before this court.

In its memorandum, the employer asserted that the constitutional issue was raised for the first time on appeal to this court. The employee's memorandum responded:

"The first opportunity that the Appellant had to raise this [constitutional] issue was after receiving the Decision and Final Decree of the Full Commission. At that time, the Petitioner immediately filed her reasons of appeal to the Supreme Court raising the constitutional issues in view of the specific findings of the Full Commission. It is respectfully submitted that no opportunity existed prior to that time to raise the constitutional issue."

Act,[3] as well as a long and unbroken line of cases decided by this court, say that the failure to set forth this claim of error in her reasons of appeal at that stage of a compensation proceeding precludes its being raised in this court. *Duarte* v. *Union Wadding Co.*, 111 R.I. 546, 548, 305 A.2d 107, 108 (1973); *Crisostomi* v. *Zayre of Providence, Inc.*, 109 R.I. 251, 255, 283 A.2d 678, 680 (1971); *Peloso* v. *Peloso, Inc.*, 107 R.I. 365, 371, 267 A.2d 717, 721 (1970); *United Wire & Supply Corp.* v. *Frenier*, 87 R.I. 31, 34, 137 A.2d 414, 416 (1958); *DeFusco* v. *Ochee Spring Water Co.*, 84 R.I. 446, 448, 124 A.2d 867, 868 (1956); *Brown & Sharpe Manufacturing Co.* v. *Lavoie*, 83 R.I. 335, 339, 116 A.2d 181, 183 (1955). Moreover, an appellant is not entitled to raise the constitutionality of a statute for the first time in this court. *Armour & Co.* v. *Greco*, 95 R.I. 149, 152, 185 A.2d 98, 100 (1962); *Gradilone* v. *Superior Court*, 79 R.I. 256, 259, 87 A.2d 497, 498 (1952); *Ravenelle* v. *City of Woonsocket*, 73 R.I. 270, 275-76, 54 A.2d 376, 379 (1947).

Accordingly, both the employee's and the employer's appeals are denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers Compensation Commission.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Howard I. Lipsey, Linda J. Kushner,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer, John G. Rallis,* for respondent.

---

[3]General Laws 1956 (1968 Reenactment) §28-35-28, the statute governing appeals to the full commission, specifically states that an appellant "shall file with the clerk of the commission reasons of appeal stating specifically all matters determined adversely to him * * *."