## JACK PEARL *vs.* BUILDERS IRON FOUNDRY.

OCTOBER 28, 1947.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This cause is before us on the appeal by an employee from a decree of the superior court denying his

petition to review an agreement for compensation under the workmen's compensation act, general laws 1938, chapter 300.

The following facts are undisputed. The petitioner on April 9, 1945 was injured by accident arising out of and in the course of his employment by the respondent as an operator of a portable grinding machine. Thereupon, in accordance with a preliminary agreement entered into by the parties and approved by the director of labor, compensation was paid to petitioner for total incapacity, resulting from injury to his right wrist, from April 10 to May 9, 1945. He returned to work on May 10, 1945, and first performed light work at the same rate of wages as that received by him at the time of the accident. Gradually he resumed his regular heavier work upon the grinding machine for the same wages. After his return to work a compensation agreement and settlement receipt dated May 15, 1945, and approved June 15, 1945 by the director of labor, was executed and filed. He left the employ of the respondent voluntarily on August 21, 1945, at which time he was performing his usual work.

The petitioner's ability to perform his regular work and the reason for his leaving the respondent's employ are the subjects of conflicting evidence. The petitioner testified that he had complained constantly of his inability to perform such work; that after his return he was treated in the clinic from time to time by the nurse and also by the respondent's doctor at his office; and that while he had left voluntarily he told his foreman he could not stand the work any more and was going to get a lighter job that he could do. He further testified that he was unable to find such employment until he went to work in a friend's fruit store, for which services he was receiving sixty cents an hour as against seventy-six cents an hour which he had earned at his regular work.

The testimony for the respondent, however, showed substantially that for about two weeks after the petitioner had returned to work he was given lighter work of his own

selection; that he then gradually took over his usual heavier work as operator of the grinding machine; that, excepting the first two weeks, he had been performing his usual work in a satisfactory manner and without making any complaint; and that he left voluntarily, as he said, to take a job at better wages. According to respondent, the petitioner was treated only twice after his return to work, the nurse having bandaged his wrist each time at his request to protect it from being hit or touched, as petitioner had some apprehension of that; and he did not seek such treatment after May 14, 1945.

The petitioner made no specific request of respondent for lighter work that he felt he could perform. He sought no immediate medical attention or compensation when he voluntarily left the employ of the respondent, and he did not bring this petition for review until more than five months thereafter.

The decree entered in the cause contains eleven findings of fact by the trial justice. The petitioner concedes that the first nine findings in the decree are supported by legal evidence and therefore are conclusive by virtue of the terms of the compensation act, G. L. 1938, chap. 300, art. III, §6. He contends, however, that findings 10 and 11 are *pure* conclusions of law that are reviewable by this court, and also that neither of them is supported by any competent evidence.

We do not agree with either of the petitioner's contentions. The findings in question are: "10. That the petitioner has failed to prove by a fair preponderance of the credible evidence that he is unable to perform his regular duties as alleged in his Petition. 11. That the petitioner has failed to establish that he has, since August, 1945, suffered any incapacity for work, either total or partial, in accordance with the provisions of the Workmen's Compensation Act."

It is conceded that such findings are conclusions by the trial justice and are stated in a negative form. But we have

held that in a workmen's compensation case a conclusion by the trial justice by way of reasonable inference from other facts in evidence is a finding of fact. *Jillson* v. *Ross*, 38 R. I. 145; *Barker* v. *Narragansett Racing Ass'n.*, 65 R. I. 489; *Recchia* v. *Walsh-Kaiser Co.*, 71 R. I. 208; *Parmentier* v. *Moore Fabric Co.*, 71 R. I. 369; *Spolidoro* v. *United States Rubber Co.*, 72 R. I. 269. It has also been held that the workmen's compensation act makes no distinction between negative and positive findings of fact, and that such negative findings, in the absence of fraud, are also conclusive if they are supported by legal evidence. *Fossum* v. *Fuller Co.*, 70 R. I. 191, 193.

If findings 10 and 11 are examined in the light of such rules of law, we are of the opinion that they are conclusions by the trial justice on ultimate issues by way of reasonable inferences from other facts in evidence, and that they are therefore findings of fact and not conclusions of law. Nor do we agree with petitioner's contention that these amount merely to conclusions by the trial justice that the petitioner had actually proved his disability but had failed to do so by sufficient evidence. In our opinion they are findings to the effect that the petitioner had not proved by credible evidence that he was unable to do his usual work or that his earning capacity had been diminshed, in whole or part, as a result of the accident.

But the petitioner also contends that such findings are not supported by any legal evidence and are therefore reviewable. We do not agree with this contention. He argues that the evidence of actual performance of his regular work is not legally competent evidence to support a finding that he had the *ability* to perform his usual work, because he had been constantly complaining of his disability and was being treated for his injury by the doctor and nurse of the respondent. He also argues that his claim of disability is supported by all the medical evidence.

In these contentions the petitioner either asks us to pass upon the weight of the evidence or ignores the fact that

there was also evidence, if believed, that the petitioner not only had actually performed his usual heavy work for an appreciable time but had done so without making any complaint of pain or disability, and without asking for lighter work or for medical or nursing attention or for compensation; that his work was being satisfactorily performed at that time; and that he voluntarily left his job without complaining that he was unable for any reason to do such work, but solely in order to take a job that would pay him better wages.

■ This evidence was admissible on the question whether the petitioner was then suffering from any disability and loss of earning capacity resulting from the accident. In determining the ultimate fact on such conflicting evidence, the credibility of the witnesses and the weight of the evidence were questions of fact for the trial justice and not questions of law. *Parmentier* v. *Moore Fabric Co., supra; Enos* v. *Industrial Trust Co.,* 62 R. I. 263. Such findings, if supported by legal evidence, are made conclusive by the act. G. L. 1938, chap. 300, art. III, §6. Because of such specific provision, the cases cited by the petitioner concerning the appellate court's power to review certain conclusions by the trial justice on the sufficiency of evidence in a common-law case or under compensation acts which do not contain such a special provision are not in point. See *Jillson* v. *Ross, supra.*

In our opinion there is evidence from which the trial justice could reasonably infer that the petitioner had not proved that he was unable to perform his usual work or that his earning capacity had been decreased, in whole or part, as a result of the accident. The burden to establish these facts by credible evidence of probative force was upon the petitioner. *Parmentier* v. *Moore Fabric Co., supra; Wareham* v. *United States Rubber Co.,* 73 R. I. 207.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum, Raymond E. Jordan,* for petitioner.

*Sisson, Fletcher, Worrell & Hodge, Lee A. Worrell,* for respondent.