519 P.2d 209

Alan L. BRYANT, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

W. R. Skousen, Respondent Employer,

State Compensation Fund, Respondent
Insurance Carrier.

No. 1 CA–IC 879.

Court of Appeals of Arizona,
Division 1,
.. Department A.

Feb. 13, 1974.

Rehearing Denied March 13, 1974.

Review Denied April 9, 1974.

Davis & Eppstein by Robert W. Eppstein, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Dee-Dee Samet, Phoenix, for respondents employer and carrier.

OPINION

OGG, Judge.

This is a review by way of certiorari of an award of the Industrial Commission denying rearrangement or readjustment of an award entered on July 7, 1964 finding the petitioner to have no loss of earning capacity.

On November 24, 1962 the petitioner, a truck driver, injured his back in an industrially related accident. An award of the Industrial Commission based on this accident was entered in July, 1964 finding that

the petitioner suffered a ten percent permanent partial disability with no loss of earning capacity. The finding of no loss of earning capacity was based on the fact that the petitioner returned to the same position at no decrease in salary.

In 1966 the petitioner quit his job with the respondent and took a position with Pima Mine operating heavy equipment. This position offered compensation equivalent to the petitioner's former employment. He remained with Pima Mine until August, 1971 when he voluntarily ended that employment and accepted a job as a crane operator on a government project in Colorado. This work was supposed to last about seventeen years but due to a cutback in funds the project was terminated within a few days after the petitioner reported for work. As a result of this unfortunate occurrence the petitioner moved his family back to Tucson but he was unable to regain his former position with the mine. In fact, the petitioner has been unable to obtain any employment which pays the equivalent of his previous wage at the mine.

In October, 1971 the petitioner filed his claim for rearrangement or readjustment of compensation with the Industrial Commission, alleging that his earning capacity had changed and that the 1962 injury was a cause of this change. The petition was denied and a hearing was requested at which petitioner's claim was again denied. The Commission affirmed the award. The finding of the Commission was that the petitioner's post-injury earnings for the nine years after the accident were equal to or in excess of his pre-injury income and that from these facts at least a presumption of no loss of earning capacity was raised. Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967). And further, from the evidence presented, the petitioner failed in his burden to prove that he now had a reduction in earning capacity as a result of the 1962 injury. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Cole v. Town of Miami, 52 Ariz. 488, 83 P.2d 997 (1938).

There are several facts which work against the petitioner in his claim. First, after the 1962 injury he returned to his former employment at the same rate of pay. Second, when he changed employers in 1966 he experienced no reduction in earnings. Third, in 1971 he voluntarily terminated his employment with Pima Mine in order to accept a job that was projected to last for seventeen years. And fourth, the Commission found that there was no evidence introduced that tended to prove that the petitioner experienced a loss of earning capacity after he returned to Tucson in 1971, other than the fact that he had been unable to settle in permanent employment.

In Maness v. Industrial Commission, supra, the Supreme Court pointed out that, even though that case showed no loss of earning capacity, if in the future the industrial injury did cause a change in earning capacity the petitioner could have the award readjusted accordingly. We believe that the Supreme Court did not intend to include changes which were within the control of the petitioner.

In the case before us the petitioner voluntarily terminated a job which compensated him at a rate equal to or better than his pre-injury earnings. By doing so he voluntarily took upon himself certain risks of the marketplace, one of those being that his expectations for his new employment would not be fulfilled. Unfortunately, in this case the petitioner's plans did not materialize and he returned to Tucson only to find a difficult job market which existed for all workers, not only the disabled ones.

While this Court is not holding that a disabled workman must return to his former employment if he is able and remain there, we are holding that where the predominant cause of an injured workman's changed economic status is of his own making and is similar to the risks encountered by all members of society, the Industrial Commission will not subsidize the injured workman for his miscalcula-

tions to the exclusion of the uninjured members of the work force.

The award is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.