Argued March 1, affirmed March 28, 1977

BROCKMAN, *Appellant,*
*v.*
U. S. PLYWOOD CORPORATION et al,
*Respondents.*
(No. 76-3420, CA 6991)
561 P2d 1042

John C. DeWenter, Springfield, argued the cause for appellant. On the brief were William A. Babcock and Babcock and Ackerman, Springfield.

Keith D. Skelton, Portland, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

TANZER, J.

**TANZER, J.**

The claimant, a faller-bucker in the lumber industry, suffered a compensable injury in June, 1973, when he was 63½ years old. The injury was neurological, resulting in a limitation upon the use of claimant's left arm and hand. He appealed a determination order awarding him compensation for 96 degrees (50 percent) loss of use of the left arm and 64 degrees (20 percent) unscheduled disability to the left shoulder, claiming that the industrially-caused disability, together with preexisting conditions of partial hearing loss and hypertension, have rendered him permanently totally disabled.

On appeal, the referee found that claimant was not permanently and totally disabled, but that he had become an industrial "one-armed" man. He further found that claimant's complaints are genuine and corroborated, but that claimant is not motivated to work and is voluntarily retired. He concluded that claimant has a loss of 80 percent of the use of his left arm and increased the scheduled portion of the award accordingly to 153.6 degrees. The order was affirmed on appeal by the Workmen's Compensation Board and by the circuit court. Claimant appeals.

On review de novo, we agree with the findings and orders below. Claimant complains that the fact finders below improperly considered claimant's age. Where, as here, the physical disabilities do not of themselves completely remove the claimant from the job market, motivation to return to work becomes relevant, *Deaton v. SAIF,* 13 Or App 298, 305, 509 P2d 1215 (1973), and the claimant's intention and ability to retire are relevant on that issue. *Krugen v. Beall Pipe & Tank Corp.,* 19 Or App 922, 925, 529 P2d 962 (1974), is not to the contrary. In that case, unlike this one, there was an express finding that the claimant's lack of motivation was the result of the injury. Here, the finding of voluntary retirement was made initially by the ref-

eree. We give weight to his finding and reach the same finding.

Affirmed.